******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VERTEFEUILLE, J., concurring and dissenting. I agree with and join in part I of the majority opinion, which concludes that the plaintiff, Mary H. Kortner, acquired standing to bring this action after she was substituted as the administratrix of the estate of her daughter, Caroline Kendall Kortner, pursuant to General Statutes § 52-109. I further agree with and join in part III of the majority opinion, which concludes that the issue of Caroline Kendall Kortner's capacity to consent to sexual conduct with the defendant, Craig L. Martise, was a question of fact properly submitted to the jury.

I also agree with and join the reasoning and conclusion of part II of the concurring and dissenting opinion by Justice McDonald that despite the plaintiff's waiver of any objection to the submission of plaintiff's exhibit 7[1] as a full exhibit to the jury, the subsequent failure of the court clerk to bring to the trial court the jury's written note questioning the propriety of its consideration of plaintiff's exhibit 7, together with the concession in this court by the defendant's counsel that it should not have been submitted to the jury, rendered the admission of plaintiff's exhibit 7 improper. I further agree with Justice McDonald that we should nevertheless affirm the judgment of the trial court because, on the record as a whole, the admission of plaintiff's exhibit 7 was harmless and the trial court properly denied the motion to set aside the verdict and for a new trial.

I therefore respectfully concur and dissent.

[1] See part II of the majority opinion for the text of plaintiff's exhibit 7.